COMMONWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT
CIVIL BRANCH
_____/ DIVISION
NO. 11-CI-415

FILED

MAY 0 4 2011

CHERACIA BUSTER; and
MICHELE RESTAINER

PLAINTIFFS

v.                           **COMPLAINT**

GEORGETOWN HOUSING AUTHORITY; and
    Serve:  Brenda Valentine-Jackson
            139 Scroggin Park
            Georgetown, Kentucky 40324

BRENDA VALENTINE-JACKSON                           DEFENDANTS
    Serve:  139 Scroggin Park
            Georgetown, Kentucky 40324

**** **** **** **** ****

Come Plaintiffs, Cheracia Buster and Michele Restainer, by and through counsel,
and for their Complaint against the Defendants herein, states as follows:

**Parties**

1.      Plaintiff, Cheracia Buster ("Buster"), is a resident of Lexington, Fayette
County, Kentucky.

2.      Plaintiff, Michele Restainer ("Restainer"), is a resident of Georgetown,
Scott County, Kentucky.

3.      Defendant, Georgetown Housing Authority ("Authority"), is a body
corporate and an arm of the government of the City of Georgetown, Kentucky created
pursuant to the authority granted to the City of Georgetown by virtue of the provisions of
KRS 80.020 which can be served by delivering the summons and a copy of the complaint



EXHIBIT
A

to its Executive Director, Brenda Valentine-Jackson, 139 Scroggin Park, Georgetown, Kentucky 40324.

4.      Defendant, Brenda Valentine-Jackson, is the Executive Director of Defendant Georgetown Housing Authority and can be served by delivering the summons and a copy of the complaint to her at 139 Scroggin Park, Georgetown, Kentucky 40324.

**Employment Relationship**

5.      Plaintiffs restate and affirm the averments set forth in paragraphs 1 through 4 above.

6.      Plaintiff Buster was employed by the Authority in 2010 as a housing clerk and then property manager, whose duties and responsibilities included answering phones, maintaining the waiting list, background checks on tenants, and incoming complaints and thereafter as a manager she reported to Linda Morgan, head property manager, and was responsible for posting rent payments and inspecting vacant units.

7.      Plaintiff Buster is a non-exempt employee as defined both under state and federal law.

8.      Plaintiff Restainer, is employed by the Authority as an Executive Secretary.  She has been employed with the Authority since September 20, 2010. Plaintiff Restainer reports to Brenda Valentine-Jackson and her duties and responsibilities include assisting with office organization, payables organization, purchase orders and communications for Brenda Valentine-Jackson.

9.      Plaintiff Restainer is a non-exempt employee as defined both under state and federal law.

2

## COUNT ONE
## VIOLATION OF STATE
## AND FEDERAL FAIR LABOR LAWS
## FAILURE TO PAY WAGES

10.     Plaintiffs restate and affirm the averments set forth in paragraphs 1 through 9 above.

11.     Notwithstanding Plaintiffs' status as non-exempt employees, Defendants have, in violation of the provisions of the U.S. Fair Labor Standards Act at 29 U.S.C. 201, *et seq.* and the provisions of KRS Chapter 337, paid Plaintiffs less than the wages and overtime compensation to which they were entitled.

12.     By virtue of the forgoing, Defendants are liable to Plaintiffs in an amount that is not less than two times the actual wages not paid, plus their court costs and attorneys fees, in a total amount to be determined by the evidence but which exceeds the jurisdictional minimum of this Court.

## COUNT TWO
## VIOLATION OF STATE
## AND FEDERAL FAIR LABOR AND FAIR HOUSING LAWS
## RETALIATION AND WRONGFUL TERMINATION

### Buster Protected Activity

13.     Plaintiffs restate and affirm the averments set forth in paragraphs 1 through 12 above.

14.     After receiving payment in an amount less than she was entitled under state and federal law, Plaintiff Buster reported her concern to Defendant, Brenda Valentine-Jackson, to the Board of the Housing Authority and others, and requested payment of her proper wages.

15.     On November 12, 2010, Plaintiff Buster filed a written grievance with the Board of the Defendant, Georgetown Housing Authority, expressing her concerns regarding management of the Housing Authority and numerous concerns that standards set forth by the United States Department of Housing and Urban Development were not being met. These complaints included allegations of violations of the state and federal fair housing laws.

16.     On February 8, 2011, Plaintiff Buster met with an agent of Defendants to express all concerns regarding payment of wages, violations of public housing standards and concerns regarding the overall management of the Georgetown Housing Authority. These complaints included allegations of violations of the state and federal fair housing laws.

17.     Plaintiff Buster also made complaints about her wages to the U.S. Department of Labor.

18.     At all relevant times described hereinabove, Plaintiff Buster's conduct in reporting the unlawful conduct of Defendants constituted activity protected by law.

19.     To date, Plaintiff Buster's grievance has not been addressed and no response has ever been made.

**Restainer Protected Activity**

20.     Plaintiff restates and reaffirms the averments set forth in paragraphs 1 through 19 above.

21.     After receiving payment in an amount less than she was entitled under state and federal law, Plaintiff Restainer reported her concerns to Defendant, Brenda

Valentine-Jackson, the Board of Housing Authority and others, and requested payment of her proper wages.

22.     On or about December 8, 2010, Plaintiff Restainer filed a written grievance with the Board of the Defendant, Georgetown Housing Authority, expressing her concerns regarding management of the Housing Authority. These complaints included allegations of violations of the state and federal fair housing laws.

23.     On February 8, 2011, Plaintiff Restainer met with an agent of Defendants to express all concerns regarding payment of wages and concerns regarding the overall management of the Georgetown Housing Authority. These complaints included allegations of violations of the state and federal fair housing laws.

24.     At all relevant times described hereinabove, Plaintiff Restainer's conduct in reporting the unlawful conduct of Defendants constituted activity protected by law.

25.     To date, Plaintiff Restrainer's grievance has not been addressed and no response has ever been made.

**Adverse Employment Actions**

26.     Notwithstanding that Plaintiffs' were engaged in such protected activity, as a result of making their complaints and grievances regarding the unlawful conduct and violations of law, including the failure to pay their proper wages, Plaintiffs were subject to persistent and vicious retaliatory conduct by Defendant, Brenda Valentine-Jackson, including, but not limited to the following: failure to pay their proper wages; withholding information important for a proper performance of their jobs; failure to promote; an attempted demotion; an attempt to classify Plaintiff Restainer as a "part-time" employee; embarrassing Plaintiffs in front of other employees; discussing Plaintiff Restainer's

employment in the presence of other employees; and purposefully isolating and treating Plaintiffs with general disdain.

27.     On February 10, 2011, in further retaliation for making her complaints and concerns known, Plaintiff Buster was wrongfully terminated from her employment by Defendant Brenda Valentine-Jackson.

28.     Pursuant to KRS 446.070, KRS Chapter 337 and 29 U.S.C. §201, et. seq., and other applicable law, by virtue of the Defendants' retaliation against the Plaintiffs, including Plaintiff Buster's wrongful termination, as outlined herein, Plaintiffs are entitled to relief against the Defendants, including all available remedies, legal and equitable, both under state and federal law.

WHEREFORE, Plaintiffs respectfully requests the following relief:

A.     Judgment against Defendants, jointly and severally, for all relief to which they may be entitled, including monetary judgment in an amount that exceeds the jurisdictional threshold of this Court for their violations of law as outlined herein;

B.     Their costs expended herein in pursuit of this action, including their reasonable attorneys' fees;

C.     Pre-Judgment interest on all amounts due at the rate of 8% per annum from the date owed until the date of Judgment herein;

D.     Post-Judgment interest on all amounts awarded at the rate of 12% per annum from the date of Judgment until satisfied in full;

E.     Trial by jury; and

F.     Any and all other relief, both legal and equitable, to which Plaintiffs may appear entitled.

Respectfully Submitted,

MCBRAYER, MCGINNIS, LESLIE
   & KIRKLAND, PLLC
201 East Main Street, Suite 1000
Lexington, KY  40507
(859) 231-8780

By:                                        
STEPHEN G. AMATO
JARON P. BLANDFORD
ATTORNEYS FOR PLAINTIFFS

\\Mmlksrv2\data\DianeP\JARON\Restainer and Buster\complaint 5.3.11.doc

7